Good morning. May it please the Court and Council, my name is Suzanne Elliott. I will reserve several minutes of my time for rebuttal. The issue in this case is whether the Washington State Appellate Court unreasonably applied controlling Supreme Court precedent protecting Mr. Nguyen's right to be present at all critical stages of the criminal proceedings. There are some other issues raised in the case, but I wanted to confine my comments this morning to this, which I think is the most compelling issue in his federal writ proceedings. The parties appear to agree that the controlling cases are Stensler, Gagnon, and perhaps Snyder from the United States Supreme Court. The parties also appear to agree that what those cases stand for is this, a defendant has the right to be present at any stage of the criminal proceedings that is critical to the outcome if his presence would contribute to the fairness of the procedure. In this case, it is Mr. Nguyen's position that the Washington State Appellate Court erred because it relied upon another Washington State Appellate Court decision, which seemed to say, and which the Appellate Court quotes as saying that when the question that arises in the in-chamber's proceeding concerns a conflict of counsel, that it's a legal matter and invariably the presence of the defendant is not necessary to the fairness of the proceedings. Counsel, would you agree that it's not our task to determine if the court erred, but if it unreasonably applied Supreme Court precedent? Okay. And I think the problem with the Washington State Appellate Court decision is while they quote, or they nod toward the United States Supreme Court decisions, they come to the conclusion that, look it, whenever there's a conflict, it's a legal matter, end of story. But the fact of the matter is that conflicts questions are frequently highly factually based, and the presence of the defendant is either waive his right to conflict-free counsel when that discussion takes place, or he or she can assert that no matter what the court decides, they want to proceed with. But doesn't there have to be an actual conflict in order for it to affect the rights of the accused? Yes. Okay, so what was the actual conflict in this case? In this case, well, in this case, that portion of the hearing that we have demonstrates that the trial court carefully set out what it perceived the actual conflict to be. And that is that in rebuttal, the state was calling a witness who was also a current client of defense counsel. And that's potential conflict, but what's the actual conflict? We don't know what the court found in chambers because the Washington State Trial and Appellate Courts did not give us access to the in-chambers conference between trial counsel, Mr. Connick, and just the trial judge. The trial court, on the record, identified the conflict as this. If you would have, if you, Mr. Sutton had never got on the stand, presumably his testimony was going to be that that was not true. This related to the defense because it gave an innocent explanation as to why these three men were together on the evening of the murder. They had been at work together and they were proceeding to Seattle and this was just a detour. It wasn't a planned murder. What the court said is, well, I take it, Mr. Connick, if he says that Mr. Sutton was working for him, then there's no conflict. But if, as appears to be reasonable since he's being called by the state, he testifies that Mr. Sutton was not working for him, you are going to have to attack the credibility of your current client. And at that point, then they go into chambers. Right. And they end up with a different witness. I mean, he ends up not testifying. Then, then they exit back out chambers. We don't know what went on inside. But then I think the presumption is the court found a conflict because Mr. Edmark was never called. So from the sound of it, you don't think that the Supreme Court case law supports a rule that it's automatically in all might be, what the proceeding might be, and so on. So some in-chambers conferences are OK. Some in-chambers conferences are OK. The court has made that clear. Some discussions with jurors. So it depends on the nature of what happened. And the best we can infer is that the judge said, you know, there may be a conflict or the government sensing the government might say that, the court might say that, or sensing some problem on an And so we end up with a different witness. So why is that something that's so critical that the defendant had to be there to ensure the fairness of the proceeding? Well, because there was a substitute witness called whose testimony was, in Mr. Nguyen's view, worse than that of what it would have been testified to by Mr. Edmark, which was that Mr. Sutton had lied to a court services worker and said that he was, well, had lied in court because he had told the court services worker that he was unemployed. And that Mr. Edmark, I think, would have been a less damaging witness had he testified. So it's Mr. Nguyen's position that he could have gone into chambers, heard this discussion and said, look, either A, I waive my right to conflict-free counsel, and then they could have asked Mr. Edmark if he did, or he could have insisted that he be called, and new counsel could have prosecuted him. He couldn't insist that Mr. Edmark be called. It was a prosecution witness. It was. But at that point, it was Mr. Edmark who was the called witness. It was only after the chambers... They were both on the list. They were both on the list. That's true, but Mr. Edmark was... But the prosecution didn't ever have to call Mr. Edmark. No, they were never required to call Mr. Edmark. And they still could have called the other witness. Ebilee, I believe her name was. Right. Yes. So that's the prejudice here. And so when the... I still don't understand. What's the prejudice, that Mr. Edmark wasn't called or the other witness was? The prejudice that's on the record is the other witness was. I guess we cannot say with certainty about whether or not it was prejudicial not to call Mr. Edmark because nobody ever made an offer of proof as to what ultimately he was going to testify to. What's the standard in terms of harmlessness if we were to agree with you that there was a constitutional violation? Oh, it's the Brex standard. All the standards of review are against me in this case. So it's not... In almost every case. In almost every habeas case, they are all against me. So it's not structural error. That's clear. Campbell v. Rice, where this court found it was structural error, was of course withdrawn because the United States Supreme Court said no. So yes, I must satisfy the Brex standard. I believe Mr. Nguyen has. I'll reserve whatever remaining time that I have for rebuttal. There are several other issues in the case, but I think this is the most compelling one. Thank you. Thank you. May it please the Court, Counsel. I'm John Sampson, Assistant Attorney General representing the Restorative Napoli. The petitioner argues that the prejudice comes from the fact that Viola Everly testified at trial. But in fact, Ms. Everly testified in a 3.5 hearing, not in the presence of the jury, but just in the presence of the judge and counsel. And then the prosecutor furthered his cross-examination of Mr. Sutton, and Mr. Sutton admitted on cross-examination his statements to Ms. Everly. So in fact, neither Mr. Edmark nor Ms. Everly actually testified in front of the jury. So the argument that they were prejudiced because the prosecution called another witness and not Mr. Edmark really fails because the prosecution didn't have to call either witness. Mr. Sutton ended up admitting his prior statements himself. But would Mr. Edmark have instead been called at the hearing before the judge? That is not even clear, Your Honor, because at that point, even the prosecution had not interviewed Mr. Edmark. So even the prosecution didn't know what Mr. Edmark was going to say. The court proceeding on this was at Excerpts of Record 2222 through 2230, and the prosecutor was saying, I need to interview Mr. Edmark to see what he would say. He was the owner of the place that Mr. Sutton had claimed to have been working at. So it's not even clear what he would have testified to. So it's not clear if he would have testified in that hearing before the judge. But the fact is Mr. Edmark never testified. Therefore, there was no conflict of interest between counsel. And wouldn't the defense counsel have also had to interview Mr. Edmark? And the defense counsel could have interviewed Mr. Edmark. Except that he had a conflict, didn't he? There was a Mr. Connick, who was Mr. Wynn's attorney, said that that would put him in a place of a potential conflict. So the judge held what was essentially a preliminary inquiry into that potential conflict. That was the in-chambers hearing between the judge and Mr. Connick. But the defense counsel, did he question Mr. Edmark at that hearing? No, Your Honor. It was simply a discussion between the attorney and the judge. We do not know what was actually said because that was sealed. Well, then was he saying nobody knew whose side Mr. Edmark might be on or what he would say? Was the defense attorney then free afterwards to question Mr. Edmark without a conflict? The defense attorney could have. Well, and I think what's important is it was Mr. Sutton, the co-defendant, who Mr. Edmark might potentially rebut. Mr. Sutton's attorneys were free to call Mr. Edmark if they believed Mr. Edmark had any favorable testimony. The fact that Mr. Edmark never actually became a witness in the case shows that Mr. Connick, Mr. Wynn's attorney, didn't have an actual conflict that adversely affected his performance. This hearing before the judge was a preliminary step in determining whether there was a potential conflict. And the judge correctly determined he could bring in counsel and talk to counsel in chambers without Mr. Wynn needing to be there in this preliminary step. Now, if this was a further development where there was a serious actual conflict, the prosecution had a key witness who was represented by counsel for the defendant, and that witness was actually going to testify and present material evidence against the defendant, that might be a situation where a defendant would have a right to actually be present for further development of the conflict issue. But here we're dealing with the preliminary step. Was there even a conflict? And because Mr. Edmark never testified, it never proceeded further where there might be a right for Mr. Wynn to be present at a proceeding involving the issue of a conflict. Moreover, there was no actual prejudice, and that is the standard under Brecht. Because Mr. Edmark didn't testify, and in fact, Ms. Eberle didn't testify, it all came through the testimony of Mr. Sutton when he admitted his prior statements. There was no prejudice. There was no conflict of interest, so there was no prejudice. The standard, again, as this court is well aware, is a very high standard that they must meet to show that the state court's decision in this case was unreasonable, not just clearly erroneous or erroneous, but such that fair-minded jurists looking at it could not reach the decision reached by the state court. And we would submit that looking at the limited holdings before the Supreme Court in this area, this was not an unreasonable application of the Supreme Court holdings, and therefore the district court correctly denied relief. Thank you, counsel. Thank you. Just briefly in rebuttal, I'd like to clarify. It's true Ms. Eberle did not, she testified outside the presence of the jury, but her computer printout of her interview was entered into evidence, and then Mr. Sutton was examined about it. So I want to make sure I agree in part that I may have misstated that a little bit. This entire discussion is at ER 2231 to 2255. After that, then Mr. Sutton is presented with that and goes to explain it. But it's also, well, it's not clear, but the record suggests that it's Mr. Connick who suggested this procedure as a way of remedying the conflict. So, again, I agree the standards of review are against me, but I believe Mr. Nguyen has met them here and that this court should grant him relief. Thank you. Thank you, counsel. The case just argued will be submitted. Next case for oral argument. Well, the next case on the calendar is submitted on the briefs. The next case for oral, Potei v. Holder.
judges: Reinhardt, Fletcher W. , Rawlinson